No. 17626—David J. Scott v. The State of Ohio. Error to the Court of Appeals of Mahoning county.

**BRIBERY—Under 12833 GC. soliciting a favor by a public official in return for protection to illicit liquor traffic is—(2) IMPROPER REMARKS OF COUNSEL during argument, when to be excepted to—(3) Error—Refusal after argument of request to charge, when not reversible error—(4) Not such error for trial court to overrule motion for new trial, upon alleged statements of a material trial witness, when—(5) Charge free from error to excepting party, but fails to cover all questions involved when not ground for reversal—(6) State must establish guilt beyond a reasonable doubt, including criminal intent—Exception as to proof of previous offenses of a similar character.**

ALLEN, J.:

1. Under Section 12823, General Code, "whoever being . . . a state or other officer . . . solicits or accepts any valuable or beneficial thing to influence him with respect to his official duty," is guilty of a felony. A substantial favor asked by a public official in return for the official's promise to give protection in illicit traffic in intoxicating liquors is a "valuable thing" within the meaning of the statute.

2. Improper remarks of counsel for the state during argument, unless so flagrantly improper as to prevent a fair trial, should be at once objected to and exception taken; otherwise error cannot be predicated upon the remarks alleged to have been improper.

3. It is not reversible error to refuse a request to charge after argument, which, while true as an abstract proposition, does not fairly and accurately apply to the evidence in the case.

4. It is not reversible error for a trial court to overrule a motion for a new trial based upon alleged statements of a material trial-witness, made after the trial, to the effect that "They made me tell lies," when such material witness is not brought before the court, when no affidavit signed by such material witness is presented to the court, and when the person alleged to have made the statements is not identified by description or otherwise as being such material witness.

5. Where the charge of the court is free from error prejudicial to the party excepting thereto, but

fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions were requested and refused, providing the jury are not misled by the charge as given.

6. Upon an indictment for bribery the state must establish beyond a reasonable doubt the guilt of the defendant of the crime charged and every material allegation of the indictment, including criminal intent. Where evidence of other previous offenses of a similar character is properly admitted as tending to prove criminal intent, such evidence constitutes "probative facts bearing upon intent" and need not prove such alleged other offenses beyond a reasonable doubt. Such evidence is not admissible, however, if it is of a vague or remote character; it must offer substantial proof that the alleged other similar crimes were committed by the defendant. (The second paragraph of the syllabus of Baxter v. The State, 91 Ohio St., 167, is overruled.)

Judgment affirmed.