## No. 209

## MORRISON v. OHIO MOTORS CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1457. Decided Oct. 20, 1926

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

**225. CHARGE TO JURY**—Judgment will not be reversed because court's charge was too general and not specific enough, unless the court was requested to be more specific and refused to do so.

**First Publication of this Opinion**

FUNK, J.

This suit was brought against the Ohio Motor Co. by Hilda Morrison in the Franklin Common Pleas for damages for the alleged breach of warranty in the sale of an automobile.

It was alleged that plaintiff purchased "a new model 91 Overland Sedan" which "was to be in perfect running order and free from defects both in material and workmanship," that the automobile delivered to her was not new and was not free from defects, but was a second hand machine which had been driven 5000 to 10,000 miles; and asked for damages for depreciation by reason thereof, for sickness and nervous condition caused by worry, annoyance and inconvenience resulting from the failure of the car to operate by reason of the defects and other items of damages totalling $1697.59.

The jury returned a verdict for the Company, and judgment was rendered on the verdict. Error was prosecuted and Morrison claimed that there was prejudicial error in the charge; and that while the issue of depreciation was submitted to the jury, there was no way for it to determine the amount because the petition as a whole, was not submitted to it. The Court of Appeals held:

1. Pleadings are not evidence and are merely the claims of the respective parties to the suit. It is not contended that what the court said on these subjects was erroneous or that it was misleading so far as it went, but rather that it was too general.

2. "Where the charge of the Court is free from error, prejudicial to the party excepting thereto, but fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions were requested and refused, provided the jury is not mislead by the charges as given." Scott v. State, 107 OS. 475.

3. The judgment cannot be reversed because the charge is too general and not specific enough, unless the court was requested to be more specific and refused to do so.

4. The court was right in its ruling in withdrawing from the jury the items of $1000 for nervous condition and $25 for medical expenses; and there is no prejudicial error in the record.

Judgment affirmed.

(Pardee, PJ., and Washburn, J., concur.)

Attorneys—Huggins & Liggett for Morrison; Morton, Irvine & Blanchard for Company; all of Columbus.