### BOARD OF EDUCATION OF ROSS TP v BOARD OF EDUCATION OF SILVERCREEK TP et

Ohio Appeals, 2nd Dist, Greene Co

Decided Nov 4, 1931

Marshall & Marshall, Xenia, for plaintiff in error.

Miller & Finney, Xenia, for defendant in error.

KUNKLE, J.

A determination of this question depends upon the construction of §7748, GC, the pertinent part of which is as follows: "If a pupil attends a vocational school maintained by a public board of education in another district, upon assignment by the county, city or exempted village superintendent of schools of the district in which he resides, his rights shall be the same as if he were eligible to take high school training outside his own district, provided similar work is not offered in the district of his residence."

The principal controversy between counsel relates to the construction or definition of the word "similar" as found in the part of the section above quoted.

We think the Legislature should be held to have used the word "similar" in its ordinary signification. We do not think the Legislature meant to use the word "similar" in any technical sense such as is found in some of the decisions cited by counsel and appearing in the various legal digests. The word "similar" is a word of common use, and, as above stated, we think the Legislature should be held to have used this word in its ordinary meaning.

The Standard Dictionary defines "similar" as follows: "Bearing resemblance to one another or to something else; like, but not completely identical; of like characteristics, nature or degree; of the same scope, order or purpose."

It appears from the brief of counsel for plaintiff in error .that the lower court employed the definition as given in the Century Dictionary, as follows: "Having characteristics in common, like in form, appearance, size, quality, relation; having more or less marked resemblance to each other or one another, in some ways identical."

Our Supreme Court, in the case of **Scott v State, 107 Oh St 475,** 141 NE 19, in dealing with the definition of the word "similar," adopted the following definition from Webster's International Dictionary: "Nearly corresponding; resembling in many respects; somewhat like."

Applying this definition to the testimony as found in the bill of exceptions, we are of opinion that the trial court, under the evidence, was amply justified in making the finding and rendering the judgment which it did. Counsel are familiar with the testimony, and it will not be necessary to quote the same in detail. We think the testimony of Mr. Clifton and various other witnesses called by defendant in error warranted the trial court in finding that the course of training furnished by these respective boards of education were similar and therefore that there was no liability against defendant in error for the tuition in question.

A jury having been waived, the finding of the trial court takes the place of a verdict of a jury, and should not be disturbed by a reviewing court unless such reviewing court is prepared to hold · that the finding is against the manifest weight of the evidence. The record in this case would not justify such a finding by this court.

Finding no error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.