Court Fees — Check — Insufficient Funds Under the provisions of 21 O.S. 1541.1 [21-1541.1] (1968) et seq., a District Attorney has the authority to file a criminal charge on an insufficient funds check made payable to a court clerk in payment of a fine and costs upon a written plea of guilty, or for purposes of a bond, as provided in 22 O.S. 1114.1 [22-1114.1] (1969) et seq. The Attorney General has had under consideration your request for an Opinion wherein you state that an Oklahoma Highway Patrolman accepted a personal check made payable to your Court Clerk in the sum of twenty-five ($25.00) dollars for the fine and costs on a motor vehicle violation. You then state that the bank refused payment on said check due to insufficient funds in the account of the defendant, motorist. You then ask, in effect, the following question: Does the District Attorney's Office have authority to file criminal charges on an insufficient funds check given to an Oklahoma Highway Patrolman made payable to a Court Clerk in payment of a fine and costs upon a written plea of guilty? O.S.L. 1969, ch. 276, Section 1 (22 O.S. 1114.1 [22-1114.1] (1969)). provides that a personal check which has a coded bank identification number printed thereon shall be considered cash for the purposes of (1) posting bail for a traffic violation, or (2) payment of fine and costs for a traffic violation upon a written plea of guilty. However, there is no provision in that section nor in chapter 276 making it a criminal offense to give an insufficient funds check for bail or for the payment of a fine and costs. O.S.L. 1967, ch. 94. Section 1 (21 O.S. 1541.1 [21-1541.1] (1968)) provides in pertinent part: "Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation any money. property or valuable thing, of the value of Twenty Dollars ($20.00), or less, . . by means or use of any false or bogus checks, . . . shall be guilty of a misdemeanor. . . ." Section 21 O.S. 1541.2 [21-1541.2] provides that the same offense is a felony where the value of the money, property or valuable thing exceeds Twenty Dollars ($20.00). Section 21 O.S. 1541.4 [21-1541.4] defines "false or bogus checks" as including checks "given for money or property or in any case where the maker receives a benefit or thing of value which are not honored on account of insufficient funds of the maker to pay same, . . . ." Thus, the following question becomes pertinent: May a false and bogus check be considered as cash for the purpose of one statute and as a false and bogus check for the purpose of the criminal statute; and if so. is any valuable thing. as contemplated by Section 1541.1, obtained by means or use of said false and bogus check? Title 25 O.S. 1 [25-1] (1961), states in pertinent part: "Words used in any statute are to be understood in their ordinary sense. except when a contrary intention plainly appears." Title 25 O.S. 2 [25-2] (19610, states: "Whenever the meaning of a word or phrase is defined in any statute. such definition is applicable to the same word or phrase wherever it occurs. except where a contrary intention plainly appears." Thus. a word or phrase such as"check" or "personal check'' may be considered "cash" for the purpose of one statute and still be considered a "false and bogus check" for the purpose of another statute. Is freedom from legal, physical restraint a valuable thing as contemplated by 21 O.S. 1541.1? Making bail or paying a fine and court costs are the only situations in which one may legally be required to "purchase" his freedom. Although the term "valuable thing" has no statutory definition, it has been construed in cases to include a variety of things, such as a favor in exchange for a promise of protection, Scott v. State,107 Ohio St. 475, 141 N.E. 19, the attraction of extra trade to a business, State v. Berger, 126 N.J.L. 39,17 A.2d 167, telephone service, Stokes v. State, Okl. Cr.,366 P.2d 425. In the tenth paragraph of the syllabus of the Stokes case, supra, the Court held: "Telephone service, while intangible is a valuable article of merchandise, bought and sold like other personal property, and is capable of appropriation by another, and is a valuable thing." At page 429, the Court stated: "The term `any valuable thing' is broad and comprehensive, and, no doubt, was intended as a term of enlargement, and not as a restriction to obtaining personal property by false pretense." In the instant fact situation, there is no question that the check is given as an inducement, indeed as a necessity, for obtaining one's personal freedom and liberty from legal restraint. It is a situation in which freedom from physical restraint is a commodity which may be "sold" and/or "purchased". It is, therefore, concluded that personal freedom or liberty from legal restraint in such situations is a valuable thing. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative, in that a District Attorney has authority to file a criminal charge under the provisions of 21 O.S. 1541.1 [21-1541.1] (1968) et seq., on an insufficient funds check made payable to a Court Clerk in payment of a fine and costs upon a written plea of guilty, or for purposes of a bond, as provided in 22 O.S. 1114.1 [22-1114.1] (1969) et seq. (Robert D. McDonald)