RAGONE, Appellant, et al.

v.

SENTRY INSURANCE COMPANY et al., Appellees.

[Cite as *Ragone v. Sentry Ins. Co.* (1997), 121 Ohio App.3d 362.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69503.

Decided June 9, 1997.

*Robert P. Rutter,* for appellant.

*Ulmer & Berne, Richard G. Witkowski* and *Barry Y. Freeman; Burditt & Radzius* and *Thomas F. Lucas,* for appellees.

PATRICIA ANN BLACKMON, Judge.

James Ragone, plaintiff-appellant, appeals a jury verdict rendered in favor of his insurers Sentry Insurance Company and Underwriters at Lloyd's of London ("appellees"). Ragone assigns the following errors for our review:

"I. The trial court erred in allowing into evidence testimony about the Lincoln fire of December 21, 1991, since defendants did not introduce substantial evidence that Ragone caused the Lincoln fire.

"II. The trial court erred in allowing into evidence testimony about the Lincoln fire since the fact of the Lincoln fire was not admissible to prove motive, intent, or plan with regard to the warehouse fire.

"III. The trial court erred in allowing expert Michael Linscott to testify about a matter not in evidence.

"IV. The trial court erred in not granting a new trial.

"V. The trial court erred in not granting plaintiffs' motion for judgment notwithstanding the verdict."

Having reviewed the record and arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

In December 1991, two arson fires occurred to property owned by James Ragone and to property in his control. The Lincoln Town Car was the subject of the first fire, which was leased by Ragone's girlfriend, but insured by him. The second fire occurred two days later at Ragone's warehouse. The warehouse contained two boats and three Corvettes at the time of the fire. Sentry insured the warehouse and Lloyd's of London insured the boats. After Ragone made his claims to both appellees, they denied his claims.

Thereafter, Ragone sued for breach of contract and bad faith. The bad faith claim was dismissed on appellees' motion for summary judgment. Before the trial on the contract claim, Ragone's lawyer asked the court to exclude any evidence of the Lincoln Town Car fire. The trial court denied his motion, reasoning that the Lincoln Town Car fire showed evidence of a common plan. Furthermore, the trial court said it was within two days of the warehouse fire, was similar in nature, and was admissible as evidence of other wrongful acts.

During the presentation of this evidence of other wrongful acts, the appellees contended that Ragone cooperated in and facilitated the burning of the Lincoln Town Car. Their evidence showed that on the evening of that fire, Ragone told his girlfriend to park the car in the driveway instead of in the garage. The car was unlocked. The car was left outside on a night when snow was predicted.

Additionally, appellees presented expert Michael Linscott, who testified that the Lincoln fire was incendiary and intentionally set. He described the fire as having occurred in the engine compartment of the car. The fire then spread to the passenger compartment. In the passenger area of the car, Linscott found evidence of gasoline on the carpet. Although Linscott acknowledged that both Ragone and his girlfriend believed the Lincoln fire was electrical, he discounted their belief.

Appellees also introduced evidence that Ragone had a financial motive for setting the fires or having them set. In 1989 and 1990 Ragone suffered some business reversals. His major client, LTV Steel, no longer wanted to do business with him and his cash flow was limited. He tried to sell the warehouse but eventually entered into a lease option.

Appellees' defense was that these financial woes caused Ragone to hire Carl Banfield to set the warehouse fire. Banfield admitted to the state Fire Marshall that Ragone had hired him and others to set the fire. Ragone and the others

were indicted but subsequently discharged. Banfield was the only one convicted of the warehouse fire.

At his deposition Banfield recanted his story that Ragone had hired him to set the warehouse fire. Nevertheless, the appellees' defense was that the warehouse was unlocked, that the authorities had ruled the fire incendiary, and that Ragone had a financial motive and opportunity to set the warehouse fire or to have it set. Besides, two days before, he left the Lincoln Town Car unlocked in his driveway that was intentionally burned. Appellees claim that these factors together rebutted Ragone's breach-of-insurance-contract claim. The jury agreed and returned a verdict for the appellees.

On their interrogatory number one, the jury was asked if Ragone had set the fire or otherwise procured the setting of the fire; to this question, six of them answered in the affirmative. On the second interrogatory, they were asked if Ragone intentionally concealed or misrepresented a material fact regarding his insurance policy to his insurers; to this they responded in the negative. On interrogatory four, they were asked if Ragone's loss was the result of his or his agent's own criminal act; to this they responded in the negative. During this time, Ragone did not object to any inconsistency with the interrogatories and the general verdict. However, he moved for a new trial and judgment notwithstanding the verdict, which motions were denied. This appeal followed.

 The standard of review in this case is discretionary. *State v. Lowe* (1994), 69 Ohio St.3d 527, 634 N.E.2d 616. Discretionary review requires that this court give total deference to the trial court's decision unless it is shown to have abused its discretion. *Id.* Abuse of discretion is more than an error in judgment or misstatement of the law. *Id.* Abuse of discretion exists when the trial court acts unreasonably, unconscionably, or arbitrarily. *Id.*, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

 Applying this standard of review to this case, we conclude that Ragone's Assignments of Error I and II lack merit and must be overruled.

Ragone argues that appellees have failed to substantially prove that the Lincoln Town Car fire was set by him. Moreover, he argues that the fire neither shows that he had a motive, plan, or opportunity, nor identifies him as the one who caused the warehouse fire. However, Linscott's testimony does establish that the Lincoln fire was incendiary and intentionally set. His testimony does describe the Lincoln fire as evidence of other wrongful acts. The question for us is whether there is substantial proof implicating Ragone as the one who committed or participated in the commission of that fire. If so, we then must determine if it tends to show any of the acceptable reasons under Evid.R. 404(B) for admitting it into evidence as evidence of other wrongful acts.

■ Evidence of other wrongful acts in Ohio is "admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Lowe*, 69 Ohio St.3d at 530, 634 N.E.2d at 619 (citing *State v. Broom* [1988], 40 Ohio St.3d 277, 282–283, 533 N.E.2d 682, 690–691; Evid.R. 404[B]; R.C. 2945.59.) Prior to *Lowe*, the Ohio Supreme Court held, "Courts have generally recognized 'that evidence of other fires implicating the defendant may be admitted whenever it is shown to be relevant to a contested issue in the case.'" *State v. Grant* (1993), 67 Ohio St.3d 465, 471, 620 N.E.2d 50, 61. Long before *Lowe*, *Grant*, and *Broom*, the Ohio Supreme Court held:

"Where evidence of other crimes is admitted, it need not prove beyond a reasonable doubt that the other crimes were committed, yet, before such evidence is admitted, the trial court should satisfy itself, either from a preliminary hearing or from offers of proof, that the evidence substantially establishes the other crimes." *Scott v. State* (1923), 107 Ohio St. 475, 141 N.E. 19.

When the evidence is characteristically other wrongful acts evidence under Grant, the evidence must implicate the alleged actor and must meet the substantial-proof standard under *Lowe*. The *Lowe* case gives us some guidance as to what evidence constitutes substantial proof. In *Lowe*, the prosecutor attempted to introduce the prior activity of the defendant and characterized this activity as overtly sexual in nature with other young girls. The state also tried to introduce a list of names of other young girls that they believed the defendant had targeted. The trial court refused to allow this evidence in to establish the defendant's identity, motive, opportunity, or plan in his murder trial. The appellate court agreed. The Supreme Court upheld both decisions and made the following comment:

"Other acts can be evidence of identity in two types of situations. First are those situations where other acts 'form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment,' and which are 'inextricably related to the alleged criminal act.' *State v. Curry* (1975), 43 Ohio St.2d 66, 73, 72 O.O.2d 37, 41, 330 N.E.2d 720, 725. For instance, if someone had seen Lowe trespassing on Mullet's property on the evening of the attack, or had seen him speeding away from the crime scene, or had found him trying to remove evidence from the crime scene, or had seen him threatening a witness, such evidence could be admitted to prove identity. Such evidence would directly tie Lowe to the crime at issue. The other acts the state seeks to introduce do not tie Lowe to the immediate background of, nor are they inextricably related to, the murders. The other acts in this case are separate

from the planning, carrying out, and aftermath of the crimes at issue." *Id.* at 531, 634 N.E.2d at 619.

The Supreme Court concluded that if the other wrongful acts evidence directly ties the offender to the immediate background of the present offense or the offenses are inextricably related, then the other acts have been substantially proven.

Moreover, in the *Grant* case, the Ohio Supreme Court set forth the standard to be used when the other wrongful acts evidence is arson. In *Grant,* the defendant was charged with the aggravated murder of her children caused by arson. During the investigation of the house fire, the investigators located evidence of previous fires in the basement. They noticed a table, door frame, and a crawl space in the basement that had been previously burned as well as charred paper with a liquid accelerant in the basement fuse box. This evidence was admitted at trial as other wrongful acts evidence.

The Ohio Supreme Court held that this evidence was admissible as it implicated Grant in the previous fires. The court went on to say:

"Lighter fluid and burned paper on the fuse box indicated a possible arson effort camouflaged as an electrical malfunction * * * moreover, these basement fires tended to show a common plan or scheme and identify Grant as the arsonist * * *. Unexplained fires in Grant's residence were relevant to her guilt."

Both *Lowe* and *Grant* dispel any notion that substantial proof is equivalent to proof beyond a reasonable doubt. The evidence can be circumstantial in nature and must implicate the actor. Here the evidence showed that the Lincoln Town Car fire was incendiary and intentionally set. On the night of the fire, Ragone and his girlfriend arrived home, and he instructed her to park the car in the driveway instead of the garage even though he was aware that snow was predicted. The car was left outside despite the fact that Ragone's home had enough garage space for six cars. Furthermore, the car was left unlocked. This evidence under *Lowe* and *Grant* implicates Ragone in the Lincoln fire.

The Lincoln fire was properly admitted as evidence of other wrongful acts tending to show motive, intent, plan, and opportunity in the setting of the warehouse fire. The warehouse fire was set two days after the Lincoln fire. The warehouse door was unlocked. It was shown that the warehouse fire was intentionally set, and Banfield implicated Ragone in the setting of the warehouse fire. Based on this similarity, there is sufficient evidence to show intent to set the warehouse fire. *State v. Ritter* (1921), 288 Mo. 381, 388–389, 231 S.W. 606, 608 (other crimes of a nature similar to the one charged are sufficient to show intent).

In *Grant,* the Ohio Supreme Court held that other fire evidence tending to implicate the defendant is admissible whenever it is shown to be relevant to a contested issue. Here, appellees claimed that Ragone had a financial motive to set the warehouse fire. Ragone's girlfriend testified that she "put food on the table." She also indicated that all the couple's credit cards were in her name because Ragone had problems obtaining credit. Ragone confirmed that his warehouse operation closed down in 1990 after he lost his contract with LTV Steel. Ragone's 1991 tax return indicated that he had no wages, salaries, or tips for 1991.

In conclusion, both fires involved property insured by Ragone, and there was sufficient similarity between the two fires to justify admitting the evidence to show motive, plan, and opportunity. Both items were lockable items but were unlocked at the time of the fires. They both had evidence of a liquid accelerant, and sufficient proof existed that Ragone had a financial motive for setting or having the warehouse fire set. Therefore, we overrule Ragone's first and second assignments of error.

Ragone's third assignment of error likewise lacks merit and is overruled. We also review this error under the abuse-of-discretion standard.

Ragone in his third assignment of error argues that Linscott should not have been allowed to testify regarding the footprints and that his opinion as to the cause of the Lincoln Town Car fire was inadmissible. After reading Ragone's assignment of error, it is clear that he has offered argument only on the footprint issue. He has not explained why Linscott's opinion on the cause and origin of the Lincoln fire should be excluded. Consequently, we can only conclude that he is arguing the same points as outlined in his first and second assignments of error. Since we addressed those issues above, we reiterate that Linscott's testimony was properly admitted as evidence of other wrongful acts.

Linscott was an expert who examined the Lincoln Town Car after it had been towed. His expert opinion was that the fire was incendiary and intentionally set. He ruled out Ragone's electrical explanation for the fire. He concluded that electrical problems could not have caused the fire. Even if electrical problems caused the engine compartment fire, there was no explanation for the gasoline in the passenger compartment. Thus, Linscott's opinion testimony was properly admitted.

Ragone primarily argues that Linscott should not have been allowed to testify about the footprint. This evidence was a part of the police report and not observed by Linscott. Consequently, since it was offered for its truth, it was inadmissible hearsay. Although we agree, we conclude that this error is harmless. Even without the footprint evidence, there was sufficient evidence that the

fire was intentionally set. Gasoline was found in both the engine and passenger compartment. The car was unlocked, which created easy access to the hood to the engine. The presence of the accelerant is prima facie evidence of an intentional, incendiary fire. Therefore, Ragone's third assignment of error is without merit.

In his fourth assignment of error, Ragone argues that the trial court should have granted him a new trial because jury interrogatories Nos. 2 and 4 were inconsistent with the general verdict and interrogatory No. 1 was inconsistent with interrogatory No. 2. The general verdict found Ragone a participant in setting the warehouse fire. Interrogatory one found him responsible for the fire. Interrogatory two found that he did not mislead the insurance company, and interrogatory four found that neither Ragone nor his agents had committed a criminal act. We conclude that Ragone's fourth assignment of error is without merit.

"The provisions of Civ.R. 49(B) apply to inconsistencies between the general verdict and the interrogatories, not inconsistencies between the interrogatories." *Thornton v. Parker* (1995), 100 Ohio App.3d 743, 757, 654 N.E.2d 1282, 1291. When determining whether a jury's verdict should be invalidated because of an irreconcilable inconsistency between the jury's responses to two interrogatories, a reviewing court must construe the jury's responses in light of the trial court's instructions. *Gallick v. Baltimore & Ohio R. Co.* (1963), 372 U.S. 108, 121–122, 83 S.Ct. 659, 667, 9 L.Ed.2d 618, 628. See, also, *Waggoner v. Mosti* (C.A. 6, 1986), 792 F.2d 595, 600. If possible, the reviewing court must adopt a view of the case that resolves any seeming inconsistency. *Brooks v. Brattleboro Mem. Hosp.* (C.A. 2, 1992), 958 F.2d 525, 529.

In this case, the interrogatories mirrored the affirmative defenses raised by appellees. The court instructed the jury that it was to consider each affirmative defense separately and independently. The jury was also told that, if it found any one of the affirmative defenses to have been proven by a preponderance of the evidence, it could render judgment for the defendant on that basis alone.

Through its affirmative response to interrogatory No. 1, the jury communicated its conclusion that the warehouse fire was incendiary, that Ragone had the motive and opportunity to set the fire, and that Ragone was somehow involved with the setting of the fire. Once the jury reached that conclusion, it had to find in favor of the defendants.

The finding in interrogatory No. 4 that Ragone or his agents did not commit a dishonest or criminal act does not affect the jury's general verdict. The court instructed the jury as follows:

"A Defendant need not establish all of its defenses in order to be entitled to a verdict in its favor. It is sufficient that Defendant establishes any one of the defenses."

The trial court's jury instructions permitted the jury to find in favor of appellees once it found any of their affirmative defenses to be established by a preponderance of the evidence. "The theory under which jury instructions are given by trial courts and reviewed on appeal is that juries act in accordance with the instructions given them." *Los Angeles v. Heller* (1986), 475 U.S. 796, 798, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806, 810. Under the circumstances, there is no conflict between the interrogatory answers and the general verdict. Accordingly, the trial court properly denied the motion for new trial.

In his fifth assignment of error, Ragone argues that the trial court should have granted his motion for judgment notwithstanding the verdict ("JNOV"). A JNOV should be granted only when the trial court concludes that the movant is entitled to a judgment as a matter of law after construing the evidence most strongly in favor of the nonmovant. *Cataland v. Cahill* (1984), 13 Ohio App.3d 113, 13 OBR 131, 468 N.E.2d 388.

In this case the evidence showed Ragone had a financial motive to have the warehouse burned. Prior to the warehouse fire, another unexplained fire had occurred on his property. The warehouse fire was incendiary and intentionally set. This evidence supported the jury's verdict. Consequently, Ragone's fifth assignment of error is without merit.

*Judgment affirmed.*

Matia and Karpinski, JJ., concur.