DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a speeding conviction by the Fulton County Court, Western District. Trial was held on July 20, 2004. The trial court found appellant guilty and imposed a $42 fine, plus court costs. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following assignments of error:
 {¶ 3} "Assignment of error number one
 {¶ 4} "The trial court erred in overruling the appellant's objections to the testimony of the police officer regarding the officer's expertise and knowledge of visual speed estimation and with the calibration of the radar device (in that the court did not take judicial notice of the accuracy of the radar device)
 {¶ 5} "Assignment of error number two
 {¶ 6} "(The trial court erred in refusing to grant the appellant's motion or objections regarding whether or not the appellant was properly on notice of the speed limit with respect to the placement of the speed limit signs)"
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. On March 12, 2004, at 5:04 p.m., appellant was issued a speeding citation. Appellant was charged with operating his motor vehicle at 51 m.p.h. in a 35 m.p.h. zone. On July 13, 2004, counsel for appellant filed a one-paragraph motion to dismiss, unsupported by any form of evidence. The case proceeded to trial on July 20, 2004. Counsel for the state of Ohio presented the testimony of citing Officer Brian Courtney in support of its case. Appellant presented no witnesses. The trial court found appellant guilty, imposed a $42 fine and court costs. It is from this conviction that appellant appeals.
 {¶ 8} In his first assignment of error, appellant asserts that the trial court erred in allowing the testimony of the officer to establish appellant's rate of speed. In support, appellant asserts the trial court erred in failing to take "judicial notice" pursuant to Evid.R. 201 of the type of radar device used and therefore relied solely upon the officer's testimony to establish his speed.
 {¶ 9} The record shows counsel for appellant initially objected to the officer's testimony of his visual estimation of speed. In response, the prosecution elicited further testimony which established a proper foundation. The officer had nearly ten years of law enforcement training and experience, including eight and a half years with the Ohio State Highway Patrol and a year with the city of Wauseon. The record establishes that the officer testified during trial in relevant part;
 {¶ 10} "Q. Have you had any experience in traffic control?
 {¶ 11} "A. Yes, I have.
 {¶ 12} "Q. Have you had any training in, in traffic enforcement?
 {¶ 13} "A. Yes, I have.
 {¶ 14} "Q. Does part of the training include the ability to estimate speeds?
 {¶ 15} "A. Yes, it is.
 {¶ 16} "Q. And what training, if any, have you had?
 {¶ 17} "A. Through the Patrol, we've had a forty hour class, I believe it was like twenty hours on the road of visual observation of vehicles with a operator or a supervisor where we would estimate the speed. If he would agree or disagree, we would activate the radar and the estimation needs to be in close proximity to our visual estimation.
 {¶ 18} "Q. Have you employed that training in pursuit of your office as a police officer?
 {¶ 19} "A. Yes, I have.
 {¶ 20} "Q. Have you compared your estimates of speeds to proven and properly calibrated radar devices?
 {¶ 21} "A. Yes, I have.
 {¶ 22} "Q. And have those estimates generally been accurate?
 {¶ 23} "A. Yes, they have."
 {¶ 24} The court then overruled the objection and permitted the officer to testify. The officer visually estimated appellant's speed at 50 m.p.h., activated his radar, registered appellant's speed at 51 m.p.h., and issued the citation.
 {¶ 25} It is well-settled that evidentiary rulings are within the discretion of the trial court. They will not be disturbed absent an abuse of discretion. Capital Control, Inc. v. Sunrise Point, Ltd., 6th Dist. No. E-03-046, E-04-008, 2004-Ohio-6309 at ¶ 26.
 {¶ 26} Appellant argues that the officer's testimony of his visual estimate of appellant's speed was "self-serving" and should not have been permitted. In support, appellant claims there is evidence of reasonable doubt as to the accuracy of the radar device. This court has reviewed the record and finds no such evidence. Conversely, the record shows that the officer properly tested and confirmed the radar device was in good working order.
 {¶ 27} In addition, as stated in State v. Darrell E. Dawson, 5th Dist. No. 03-COA-061, 2004-Ohio-2324 at ¶ 23 "Ohio law is clear that an officer's testimony that, based upon his visual observation, a vehicle is speeding is in and of itself sufficient to support a conviction for speeding." This court finds the officer was a credible witness and his testimony was sufficient to support the conviction. Appellant's first assignment of error is not well-taken.
 {¶ 28} In his second assignment of error, appellant asserts the trial court erred in "refusing to grant" appellant's motion to dismiss. In support, appellant argues it was error for the trial court to convict appellant without first ruling on the motion. The "MOTION FOR DISMISSAL" asserted that the affidavit was defective, jurisdiction was lacking, and the speed limit signs were not properly posted. The motion contained no evidence in support of these claims.
 {¶ 29} The court reviewed the motion and stated that the affidavit was "in order", and the jurisdiction and sign placement issues could be addressed at trial. Counsel for appellant replied, "Okay." No objection was made. This failure to object constitutes a waiver of challenge on appeal absent a finding of plain error. State v. Wogenstahl (1996),75 Ohio St.3d 344. Our review of this issue is, therefore, discretionary and limited to plain error only. Plain error does not exist unless appellant establishes the outcome of the proceeding would have been different but for the error. State v. Waddell (1996), 75 Ohio St.3d 163,166.
 {¶ 30} No evidence in support was attached to the motion. No evidence in support was presented at trial. Thus, the outcome could not have been different. Appellant's second assignment of error is not well-taken.
 {¶ 31} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Fulton County Court, Western District, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.