DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment by the Lucas County Court of Common Pleas denying appellant's Civ.R. 59 motion for a new trial. Negligence was admitted by appellee. However, appellee denied proximate cause and liability. The jury concluded that appellant's injuries were not proximately caused by the accident and awarded no damages. Appellant filed a motion for new trial. It was denied. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant, Peter V. Leslie, sets forth the following single assignment of error:
 {¶ 3} "The trial court erred in denying the motion of the plaintiff for a new trial."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On September 11, 2002, appellant and appellee were involved in a motor vehicle accident on Telegraph Road in Lucas County, Ohio. Appellant did not request or receive medical treatment and drove his vehicle home from the accident.
 {¶ 5} Approximately one month later, on October 3, 2002, appellant, a self-employed carpenter, sought chiropractic treatment allegedly relating to the accident. On September 22, 2003, appellant filed a complaint in negligence against appellee. Appellant's trial testimony regarding the origins of his injuries contradicted his deposition testimony on multiple points relevant to causation. Appellant's trial testimony also contradicted his pre-accident medical records regarding when symptoms were originally manifested and treated.
 {¶ 6} The record shows at trial appellant clearly stated that he suffered upper back and neck pain prior to the accident. Appellant was then shown prior deposition testimony in which he said he did not experience these symptoms prior to the accident. Ultimately, appellant reversed his trial testimony, again claiming he had not experienced upper back or neck pain prior to the accident.
 {¶ 7} Appellant's trial testimony regarding whether officers who responded to the accident asked him if he had been injured and wanted medical attention similarly contradicted prior deposition testimony. The record shows that no compelling evidence was presented at trial from which proximate cause could be established. Proximate cause was not proven.
 {¶ 8} The case went to trial on June 14 and 15, 2004. On June 29, 2004, the jury returned a verdict in favor of appellee. The jury awarded "zero" damages. On June 13, 2004, appellant filed a Civ.R. 59 motion for a new trial, alleging the judgment of no damages was not supported by the evidence. On August 13, 2004, appellee filed a brief in opposition. On September 21, 2004, the trial court issued its opinion denying appellant's motion for a new trial. Appellant filed a timely notice of appeal.
 {¶ 9} It is well established that a trial court judgment supported by credible evidence will not be reversed on appeal by the reviewing court as being against the manifest weight of the evidence. Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10. The trial court is in the best position to review and evaluate the witnesses and all evidence to assess credibility. Id. This court recently reaffirmed this principle in holding that when evidence is reasonably susceptible to more than one interpretation, a reviewing court must defer to the evaluation and judgment of the trial court. An appellate court may not substitute its judgment for that of the trial court so long as the disputed judgment is supported by credible evidence. Mayerv. A-Custom Bldrs., Inc., 11th Dist. No. 04-G-2563, 2005-Ohio-2083, at ¶ 17, 18.
 {¶ 10} This court also recently restated its position on appellate review of Civ.R. 59 decisions. We held that the appellate function in reviewing a Civ.R. 59 decision is restricted to determining whether manifest injustice resulted from the lower court decision or whether it is against the manifest weight of the evidence. When evidence of damages is controverted, a trial court does not abuse its discretion in denying a motion for new trial. Johnson v. Bondra, 6th Dist. No. S-03-040, 2004-Ohio-6308 at ¶ 54, 59.
 {¶ 11} In his single assignment of error, appellant asserts that the trial court erred in denying his motion for a new trial. In support, appellant claims that no evidence was presented which contradicted appellant's allegation that his claimed injuries were proximately caused by appellee. This court's review of the record in this matter reveals that it is replete with instances of crucial evidentiary contradictions pertaining to the proximate cause. Appellant furnished trial testimony that not only contradicted prior deposition testimony, but also gave conflicting proximate cause testimony during the trial itself. Evidence of proximate cause was controverted.
 {¶ 12} Based on the foregoing, appellant failed to establish proximate cause and was not entitled an award of damages. We cannot say the trial court abused its discretion when it denied appellant's motion for a new trial. The verdict was supported by the record of evidence. Appellant's assignment of error is not well-taken.
 {¶ 13} Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. concur.