DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, which issued a jury verdict in favor of appellee, Douglas S. Hess M.D. ("Dr. Hess"). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, Edward A. Kaman, Executor of the Estate of Jayne C. Kaman and Edward Kaman, individually ("appellants") set forth the following four assignments of error:
 {¶ 3} "1. The trial court erred when it failed to return the jury for further consideration of inconsistencies between jury interrogatory answers and the verdict, where the jury found defendant-appellee, Douglas S. Hess, M.D., negligent, but found no proximate cause of injury to plaintiff-appellant, Jayne C. Kaman, and returned its verdict in favor of defendant, where the only evidence on which the jury could have found defendant negligent was from the testimony of plaintiffs' two expert witnesses, who testified that defendant's negligence was the proximate cause of injury to Jayne Kaman.
 {¶ 4} "2. The trial court erred in failing to grant plaintiffs' motion for new trial.
 {¶ 5} "3. The jury's verdict was against the weight of the evidence.
 {¶ 6} "4. The cumulation of errors in this case which would be harmless individually or have marginal prejudicial effects combine to require a new trial."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. Jayne C. Kaman ("Mrs. Kaman"), a nurse in her mid-forties, had been experiencing various medical problems caused by obesity. Mrs. Kaman was 5 foot 3 inches tall and 300 pounds. In 2000, she sought medical treatment from Dr. Hess, a national expert in bariatric surgery. Mrs. Kaman's medical conditions at the time of her consultation with Dr. Hess included high blood pressure, reflux disease, arthritis, back problems, and shortness of breath.
 {¶ 8} Over the course of approximately 15 years prior to consulting Dr. Hess, Mrs. Kaman unsuccessfully attempted weight reduction through a wide array of diet, surgical, and pharmaceutical methods. Mrs. Kaman underwent a stomach stapling in 1984. Despite the surgery, Mrs. Kaman did not lose weight. Mrs. Kaman also unsuccessfully tested various diets, including "Opti-fast", "Weight Watchers", "grapefruit diet", "soup diet", "protein diet", and the "eat once-a-day diet". All of these dieting endeavors were unsuccessful. Mrs. Kaman also secured and tried multiple weight loss medications, including Meridia, Zoloft and Fen-Phen. These were equally unsuccessful.
 {¶ 9} In 2000, Mrs. Kaman discovered an innovative and highly regarded type of bariatric weight loss surgery while on rotation at Wood County Hospital. Mrs. Kaman became optimistic that this surgery could be the solution she had had been seeking for weight loss. Mrs. Kaman attended four informational meetings at Wood County Hospital, performed internet research regarding the surgery, had office consultations with the surgeon to discuss the procedure, and reviewed videotapes furnishing additional information regarding the surgical procedure.
 {¶ 10} The surgical procedure Mrs. Kaman was pursuing is referred to as a "duodenal switch" procedure. Dr. Hess invented this surgery and has performed approximately 1,400 of the "duodenal switch" surgeries since 1988. During the course of his career, Dr. Hess has performed in excess of 2,000 bariatric surgeries.
 {¶ 11} Following her extensive research and investigation about the surgery, Mrs. Kaman became a committed believer in the merits of the procedure. Mrs. Kaman posted messages on an internet site praising Dr. Hess. Mrs. Kaman specifically emphasized that Dr. Hess was "very upfront" in detailing the risks associated with the procedure. After careful consideration, Mrs. Kaman elected to undergo the surgery.
 {¶ 12} On September 27, 2000, Dr. Hess performed the surgery at Wood County Hospital. Mrs. Kaman recovered and was discharged on October 14, 2000. On October 17, 2000, Mrs. Kaman reported for a follow-up office visit with Dr. Hess. She reported no difficulties. On November 21, 2000, Mrs. Kaman reported for another follow-up visit with Dr. Hess. Her condition was satisfactory at the time of this visit. On November 28, 2000, Mrs. Kaman was readmitted to the hospital due to fluid accumulation and infection. Mrs. Kaman was treated for the infection and discharged on December 11, 2000.
 {¶ 13} Mrs. Kaman's health stabilized and she did not require further hospitalization until March 20, 2001. Mrs. Kaman had again developed an infection. She was treated and discharged on April 11, 2001. Mrs. Kaman had a follow-up office visit with Dr. Hess on May 4, 2001, and was in stable health. This was her last treatment with Dr. Hess. As of May 4, 2001, Mrs. Kaman's weight had decreased from approximately 300 pounds to 175 pounds. This was an appropriate percentage weight loss and indicated a successful bariatric surgery.
 {¶ 14} On September 10, 2001, Mrs. Kaman was admitted to St. Vincent Mercy Medical Center ("St. V's"). Dr. Richards, a St. V's bariatric surgeon, performed additional bariatric surgery on Mrs. Kaman, removing a significant portion of her remaining stomach. Over the next year, Mrs. Kaman was hospitalized at St. V's on nine occasions. She spent 123 days at St. V's, primarily due to post-surgery infection complications.
 {¶ 15} Mrs. Kaman's health ultimately stabilized. Mrs. Kaman was not hospitalized again until May 2004, three years following her last treatment with Dr. Hess. On May 27, 2004, Mrs. Kaman underwent a hernia repair procedure at St. V's. Following this surgery, Mrs. Kaman went into a coma on approximately June 4, 2004. Mrs. Kaman recovered and was discharged on June 30, 2004. Mrs. Kaman died on January 21, 2005. Following her death, her husband, Edward A. Kaman, executor of her estate, was substituted as a party in this action on April 8, 2005.
 {¶ 16} On September 25, 2002, appellants filed suit against Wood County Hospital and Dr. Hess. By the time of trial, Dr. Hess was the sole defendant. The jury trial commenced on August 30, 2004. The jury rendered its verdict on September 9, 2004. The jury found Dr. Hess negligent, but not the proximate cause of Mrs. Kaman's injuries. On September 15, 2004, the trial court issued its judgment entry, adopting the jury verdict in favor of Dr. Hess. Appellants filed a motion for a new trial. On November 5, 2004, the trial court denied appellants' motion for a new trial. On December 3, 2004, timely notice of appeal was filed.
 {¶ 17} In the first assignment of error, appellants assert the trial court abused its discretion when it failed to return the jury for further consideration. In support, appellants contend there was an irreconcilable inconsistency between the jury verdict in favor of Dr. Hess and the jury's answer to jury Interrogatory No. 4. In response to Interrogatory No. 4, the jury answered that Dr. Hess was negligent in his care of Mrs. Kaman. Appellants claim the jury could not conclude Dr. Hess was negligent, yet find he was not the proximate cause of damages to Mrs. Kaman. It is imperative to note that the trial court expressly ruled there was no inconsistency. Appellants maintain the trial court nevertheless abused its discretion by not ordering the jury to conduct further consideration due to thealleged inconsistency.
 {¶ 18} Civ.R. 49(B) states, in relevant part, that:
 {¶ 19} "When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."
 {¶ 20} As detailed in Civ.R. 49, the trial court is explicitly vested with discretion when faced with an inconsistency between an interrogatory answer and the jury verdict. However, an inconsistency must be shown as a prerequisite to the applicability of Civ.R. 49. The record in this case shows the trial court concluded there was no inconsistency. The trial court unambiguously stated that it had reviewed the interrogatories and deemed them consistent with the verdict. Thus, our review is whether or not the trial court abused its discretion in its finding of no inconsistency between the interrogatories and the verdict.
 {¶ 21} It is well established that rulings that lie within the discretion of the trial court will not be reversed on appeal absent a showing of an abuse of discretion. Capital Control,Inc. v. Sunrise Point, Ltd., 6th Dist. No. E-04-008,2004-Ohio-6309, at ¶ 26. An "abuse of discretion" goes beyond an error of law or judgment. There is no abuse of discretion absent unreasonable, arbitrary, or unconscionable acts by the trial court. Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342.
 {¶ 22} Appellants base the alleged inconsistency on the jury answer to Interrogatory No. 4. In response to Interrogatory No. 4, the jury answered that Dr. Hess was "negligent" in his treatment of Mrs. Kaman. This was a general finding of negligence. More specifically, the record shows that Mrs. Kaman's expert witnesses alleged Dr. Hess breached the standard of care in eight different ways in the course of treating Mrs. Kaman. The alleged negligent acts ranged from failure to fully chart, premature discharge, insufficient antibiotic dosage, failure to properly treat post-operative infection, and various other alleged acts of negligence.
 {¶ 23} This testimony of alleged breaches in the applicable standard of care was disputed by experts testifying on behalf of Dr. Hess. All of the evidence of alleged medical malpractice by Dr. Hess was controverted. It was incumbent upon the jury to weigh the evidence and reach conclusions as to which of the alleged acts of negligence, if any, were proven.
 {¶ 24} Our review of the record reveals the crux of appellants' case is the premise that Dr. Hess was negligent in his post-operative infection care of Mrs. Kaman. Thus, we find the jury's answers to Interrogatories Nos. 5 and 7 are of determinative relevance to this analysis. In response to Interrogatory No. 7, the jury concluded Dr. Hess met the applicable standards of care in his infection care treatment of Mrs. Kaman. In conjunction with its determination that Dr. Hess did not commit medical malpractice in his infection care of Mrs. Kaman, the jury consistently concluded in response to Interrogatory No. 5 that appellants failed to establish proximate cause. The jury found causation was not proven.
 {¶ 25} It is clear from our review of the record that the jury reasonably concluded that any negligence on the part of Dr. Hess did not cause the damages suffered by Mrs. Kaman. Mrs. Kaman's damages were rooted in post-operative infection issues. They found no negligent infection care, no proximate cause, and thus issued a verdict for Dr. Hess. We see no inconsistency between the jury's analysis on infection care negligence, proximate cause, and the verdict. We cannot say the trial court abused its discretion in not returning the jury for further consideration. The jury did not lose its way. Appellants' first assignment of error is not well-taken.
 {¶ 26} Appellants' second and third assignments of error are analytically linked and will be reviewed simultaneously. In their second assignment of error, appellants assert the trial court erred in denying their motion for new trial. In the third assignment, appellants claim the verdict was against the manifest weight of the evidence. This court has consistently affirmed that the appellate function in reviewing a trial court decision on a Civ.R. 59 motion for new trial is restricted to a determination of whether the decision was against the manifest weight of the evidence so as to result in manifest injustice. Leslie v.Foster, 6th Dist. No. L-04-1309, 2005-Ohio-3865, at ¶ 10.
 {¶ 27} An appellate court may not substitute its judgment for that of the trial court so long as the disputed judgment is supported by credible evidence. Mayer v. A-Custom Bldrs., Inc.,
11th Dist. No. 04-G-2563, 2005-Ohio-2083, at ¶ 17, 18. The heart of this case is whether the trial court abused its discretion in finding no inconsistency and accepting the verdict.
 {¶ 28} Mrs. Kaman's injuries arose from a multitude of post-operative infections occurring subsequent to her September 2000 surgery with Dr. Hess, as well as numerous infections occurring following additional bariatric surgeries at St. V's. The jury was presented with evidence of the post-operative infection care tendered by Dr. Hess. This care included the administration of commonly utilized antibiotic drugs and the use of catheters to drain inflected fluids. Expert witnesses were presented on both sides. Experts for Dr. Hess testified that Dr. Hess did not breach relevant standards of care during his infection treatment of Mrs. Kaman. Experts for Mrs. Kaman claimed breaches in the standard of care occurred.
 {¶ 29} The jury weighed this evidence and concluded that while Dr. Hess did not universally comply with all standards of care in his treatment of Mrs. Kaman, he was not negligent in his infection care. Dr. Hess may have been negligent by insufficient detail in charting, but this was not the proximate cause of Mrs. Kaman's injuries. Based upon this, the jury issued its verdict in favor of Dr. Hess. While negligence was shown, proximate cause was not. Such conclusions are not contradictory. Leslie v.Foster, 6th Dist. No. L0-4-1309, 2005-Ohio-3865, at ¶ 1, 7, and 10. There is nothing in the record demonstrating an attitude by the trial court which can properly be characterized as unreasonable, arbitrary, or unconscionable, so as to be deemed an abuse of discretion. The verdict in favor of Dr. Hess was not against the manifest weight of the evidence. The denial of a new trial was not an abuse of discretion. Appellants' second and third assignments of error are not well-taken.
 {¶ 30} In appellants' fourth assignment of error, they claim certain errors occurred at the trial court level which, although individually harmless, viewed in the cumulative, warrant a new trial. The sole case cited in support of this proposition is an unreported 1986 case from Cuyahoga County. In Dawson v.Cleveland Metro. Gen. Hosp. (Nov. 20, 1986), 8th Dist. No. 51052 and 51779, the court commented in dicta that it had previously recognized criminal cases in which the combination of separately harmless errors were jointly prejudicial so as to justify a new trial. We have reviewed the Dawson case and find it fundamentally distinguishable from, and immaterial to this case.
 {¶ 31} The Dawson court concluded several of the errors in that case were not harmless and independently justified a new trial. By contrast, appellants concede in this case that the individual alleged errors they cite are harmless or have marginal prejudicial effect. Apart from this, our review of the alleged errors shows no risk of prejudicial effect.
 {¶ 32} The substance of the alleged errors cited by appellant is minimal. The alleged errors cited by appellants include matters of negligible significance such as the court's acceptance of a one day late jury deposit, the inadvertent use of the jury bathroom by Mrs. Hess involving no communications of any kind with any jurors, the brief placement of the elbow of counsel for appellee on the bench, one juror allegedly being initially "upset" about jury service, and other such matters. We have reviewed the alleged errors and find them to be harmless both on an individual and cumulative basis. Appellants' fourth assignment of error is found not well-taken.
 {¶ 33} The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.