DECISION
{¶ 1} This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Hamilton Municipal Court, and upon a brief filed by appellant's counsel and the pro se brief of appellant, Terrance P. Huff, oral argument having been waived.
 {¶ 2} Counsel for defendant-appellant, Terrance P. Huff, filed a brief with this court pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal," Anders, at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.
 {¶ 3} Appellant, convicted on charges of speeding and menacing, has filed a pro se brief raising an assignment of error pertaining to the trial court's judgment entry which stated that appellant was not guilty of menacing. We have accordingly examined the record, the potential assignment of error presented in counsel's brief, and the assignment of error in appellant's pro se brief and find no error prejudicial to appellant's rights in the proceedings in the trial court. Although the court's initial judgment entry found appellant not guilty of menacing, an amended judgment entry filed one week later corrected what was obviously a clerical error and found appellant guilty of menacing as charged.
 {¶ 4} Therefore, the motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.
Powell, P.J., Young and Bressler, JJ., concur.