DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Oregon Municipal Court which found in favor of appellee, MM Cabinetry. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, Michael and Rebecca Wegrzyn, set forth the following assignment of error:
 {¶ 3} "The trial court committed reversible error in its decision that Appellants failed to meet the burden of proof required by law to convince the trier of fact that Appellants had paid Appellee in full for Appellee's services."
 {¶ 4} The pertinent facts are as follows. A water pipe burst in appellants' home causing extensive damage. Appellee and Michael Wegrzyn entered into an oral agreement regarding installation of finish cabinetry in appellants' home for a sum of $5,000. After performing a little more than half the work under the agreement, appellee became concerned about being paid. Appellee left the job, and filed a small claims suit. After filing the suit, appellee was paid $2,000 by check for the work performed and returned to finish the job. An employee of appellee drafted a written contract covering the remainder of the work. This agreement specified appellee was to be paid $3,000 in exchange for the remainder of the work, but no indication was given as to how payment was to be tendered.
 {¶ 5} After completing the work, appellee again went unpaid, and subsequently filed this action on June 18, 2004, in Oregon Municipal Court, Small Claims Division. Acting pro se, appellant filed an answer and counterclaim for breach of contract. Additionally, appellant alleged $10,000 in damages. Accordingly, the case was placed on the regular docket of the Oregon Municipal Court and both parties retained counsel.
 {¶ 6} At trial, Thomas Mavis, owner of MM Cabinetry, alleged the company was never paid for the balance of the work. Appellants counter-argued that they paid the contractor in cash, but neglected to ask for a receipt. Appellants offered four witnesses who testified an exchange of payment took place between Wegrzyn and Mavis. All four witnesses were vague as to some of the specifics of the transaction, but Mavis offered no evidence to demonstrate the transaction ever took place. Appellee offered one rebuttal witness after appellants had rested their case. This witness, Kevin Gannon, was a contractor who had also worked on appellants' home. Gannon testified that his company had also not been paid by appellants and that Wegrzyn had confided in him he had no intention of paying MM because the work remained unfinished.
 {¶ 7} In their only assignment of error, appellants contend the judgment of the trial court was against the manifest weight of the evidence. When evaluating whether a judgment is against the manifest weight of the evidence in a civil action, this court uses virtually the same standard of review as in the criminal context. In re Washington (2001), 143 Ohio App.3d 576, 579. We must examine the entire record to "determine whether some competent, credible evidence supports the judgment." In reM.M., 8th Dist. No. 79947, 2002-Ohio-472; see, also, Shemo v.Mayfield Hts. (2000), 88 Ohio St.3d 7, 10. As this court has noted, the analysis proceeds from the "presumption that the findings of the trier of fact were indeed correct." Habegger v.Paul, 6th Dist. No. WD-03-038, 2004-Ohio-2415, at ¶ 22. Review is highly deferential to the trial court because it is in the best position to analyze witnesses and determine their credibility. Id. at ¶ 14; see, also, Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Where the judgment is supported by credible evidence, an appellate court may not substitute its judgment for that of the trial court. Kaman v.Wood County Hospital, 6th Dist. No. WD-04-008, 2005-Ohio-6850, at ¶ 27; see, also, Habegger, supra, at ¶ 21. Although an appellate court should not substitute its judgment for that of the trial court, "in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence[.]"Habegger, supra, at ¶ 22. We find this case does not justify exercise of that prerogative.
 {¶ 8} The trial court found Mavis' testimony credible that he never received payment from appellants. Although Mavis offered no evidence to rebut the testimony regarding the alleged payment in appellants' home, lack of such testimony is immaterial. Appellants offered four witnesses who place Mavis in appellants' home demanding payment. All four have an interest in the matter. First, appellants' son Doug testified. Although Doug initially asserted $3,000 had changed hands, on cross-examination he admitted he did not actually see the money or count it. He assumed the envelope he had seen contained cash. Then Carmel "Joe" Barker, a contractor employed by appellants, testified. Again, he neither saw the money nor could be sure it actually changed hands. Additionally, Barker's memory for dates was extremely vague. Next, Thomas Lewendowski, a close family friend, testified. Lewendowski testified Mavis was in the home, and that he saw the money change hands. But on cross-examination he could not specify how much money changed hands or the date the transaction occurred. Lewendowski made no mention of an envelope. Finally, Wegrzyn's wife, Rebecca, testified. Although she testified she witnessed the bank teller count the money and place it in the envelope, she could not recall the denominations of the bills. In addition, her testimony regarding whether her husband actually gave the envelope to Mavis was conflicted. The trial court weighed the credibility of each of these witnesses and found it lacking.
 {¶ 9} Admission of Gannon's testimony is somewhat troubling. His testimony was biased and cannot be independently corroborated. However, since there is no direct link between the judgment and Gannon's testimony, this court cannot say it was relied upon to appellants' detriment. In sum, a reasonably prudent person paying in cash would have demanded a receipt from a contractor as proof of payment. The court assessed the credibility of the witnesses and found them lacking. The record indicates the judgment was based on competent, credible evidence. Deference must be accorded to the trial court. Thus, appellants' assignment of error is not well-taken.
 {¶ 10} On consideration whereof, this court finds appellant was not prejudiced and the judgment of the Oregon Municipal Court is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Parish, J. concur.
Arlene Singer, P.J. CONCURS AND WRITES SEPARATELY.