DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which found appellant guilty of two counts of rape in violation of R.C. 2907.02(A)(2) and one count of aggravated burglary in violation of R.C. 2911.11(A)(1). For the reasons set forth below, this court affirms in part, reverses in part, and remands for resentencing in accordance with the recent Supreme Court of Ohio decision issued in State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Appellant, Larry Bumphus, sets forth the following five assignments of error:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The evidence was insufficient to establish guilt beyond a reasonable doubt with respect to the charges of rape.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "The trial court erred in failing to declare a mistrial after the jury was permitted to take impermissible documents indicating that appellant had previously been charged in another matter with sexual violations.
 {¶ 7} "Third Assignment of Error
 {¶ 8} "Appellant was denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States and Article I Section 10 of the Ohio Constitution.
 {¶ 9} "Fourth Assignment of Error
 {¶ 10} "Appellant was denied his due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I Section 10 of the Ohio Constitution as a result of the prosecutor's improper reference to appellant's post arrest silence.
 {¶ 11} "Fifth Assignment of Error
 {¶ 12} "The sentences imposed were unconstitutional."
 {¶ 13} The following undisputed facts are relevant to the issues raised on appeal. On September 23, 2000, Kathy Propst ("Propst") was outside her home late at night letting her dog out. An assailant approached Propst from behind, forced her into her home, and raped her. Jewelry was also taken during the incident.
 {¶ 14} Propst's 11 year-old daughter, Ciearra, was awoken by the noise generated during these events. Ciearra telephoned her grandmother who instructed her to call the police. Ciearra reported the rape to the police.
 {¶ 15} Officers responded to the scene. Propst was transported to Firelands Medical Center. A rape kit was conducted. While the investigating officers were unable to immediately obtain DNA evidence from appellant, later in the course of the investigation they retrieved a soda can discarded by appellant. The DNA obtained from the soda can was tested in comparison with the DNA extracted from the rape kit. It was a match with appellant.
 {¶ 16} On September 18, 2002, appellant was indicted on two counts of rape and one count of aggravated burglary. On August 13, 2003, the case went to jury trial. Appellant was convicted on all counts and was sentenced to three consecutive ten year terms of incarceration. An appeal was filed. On February 11, 2005, this court reversed the conviction and remanded the matter for a new trial upon finding that appellant's waiver of his right to counsel was invalid.
 {¶ 17} On May 16, 2005, appellant was retried on all counts. On May 19, 2005, appellant was convicted by the jury on all counts except the repeat violent offender specification. On June 17, 2005, appellant was sentenced to three consecutive nine year terms of incarceration on the three counts. A timely notice of appeal was filed.
 {¶ 18} In his first assignment of error, appellant maintains there was insufficient evidence in support of the rape convictions. In support, appellant asserts that because the state of Ohio never specifically placed on the record the fact that the appellant and the victim are not married, the state failed to prove the requisite elements in support of the rape convictions.
 {¶ 19} The function of the appellate court in reviewing the sufficiency of the evidence at trial in support of a criminal conviction requires examination of the evidence at trial to determine whether it would convince an average juror of the appellant's guilt beyond a reasonable doubt. State v. Galloway,
6th Dist. No. L-05-1148, 2006-Ohio-1148, at ¶ 10. The Supreme Court of Ohio has further delineated the relevant underlying inquiry in this analysis to be whether viewing the evidence in the light most favorable to the prosecution a rationale trier-of-fact could find the essential elements of the crime proven beyond a reasonable doubt. State v. Kruse, 6th Dist. No. WD-05-001, 2006-Ohio-3179, at ¶ 37. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 20} In order to determine the merits of appellant's first assignment of error, we must examine the precise language and evidentiary standards of the criminal statutory section under which appellant was indicted and convicted. Appellant was indicted for rape pursuant to R.C. 2907.72(A)(2). This statute provides, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 21} The state presented its evidence to the trial court in support of the rape indictment. Appellant's DNA matched the DNA recovered from the victim's rape kit. At appellant's request, an additional independent DNA test was conducted. Appellant initially denied involvement. The second DNA test was also a match.
 {¶ 22} Appellant ultimately recanted his denial of any involvement. Following multiple DNA matches, he conceded to engaging in intercourse with Propst. Appellant contends it was consensual. Appellant claims that he and Propst consumed illicit drugs together and then engaged in consensual sexual activity. Propst has consistently maintained she was raped.
 {¶ 23} Propst's daughter was awoken during these events prompting her to check on the wellbeing of her mother. Ciearra found her mother in a state of hysteria and distress. Ciearra contacted her grandmother, and then notified the police. A rape kit was conducted, DNA evidence was recovered, and matched appellant's DNA. A second DNA test similarly matched appellant's DNA.
 {¶ 24} The exculpatory evidence presented by the defense emphasized appellant's revised version of events that he knew the victim, shared drugs with the victim, and engaged in consensual sex with the victim. This belated defense position was in direct contradiction to appellant's initial denial of involvement and demands for secondary DNA testing. Appellant denied any involvement or sexual relations with the victim and demanded supplemental DNA testing. The DNA testing matched appellant.
 {¶ 25} Appellant's cousin testified that appellant had called him on the day of the incident and asked him to drive to Propst's home and bring him $20 with which to "purchase" jewelry from Propst. Propst had reported to the investigating officers following her attack that this jewelry had been stolen.
 {¶ 26} The jury weighed the evidence and found appellant guilty on all counts. Appellant asserts his rape convictions do not withstand evidentiary scrutiny because the state failed to specifically establish that he and Propst are not married. R.C.2907.02(A)(2) does not establish the lack of a marital relationship between the parties as an element of the crime.
 {¶ 27} There is ample evidence from which a rational trier-of-fact could find the elements of R.C. 2907.02(A)(2) proven beyond a reasonable doubt. Appellant initially denied any involvement in the incident. Appellant ultimately modified his version of events claiming sexual activity occurred, but was consensual. Appellant's DNA matched the rape kit DNA. Appellant's claim of consent and attempts to explain that the jewelry was "purchased" from Propst with $20 dropped off by his cousin was not found persuasive.
 {¶ 28} The jury weighed the evidence and was persuaded by the evidence presented by the state. There was sufficient evidence presented in support of this determination. Appellant's first assignment of error is not well-taken.
 {¶ 29} We will review appellant's second and third assignments of error simultaneously as we find they are interdependent upon one another. In his second assignment of error appellant claims the trial court erred in failing to declare a mistrial arising from an inadvertent jury view of a supporting affidavit attached to a search warrant indicating appellant had previously been charged with a prior sexual violation. Upon discovery of this issue, the trial court immediately presented a curative instruction to the jury.
 {¶ 30} In appellant's third assignment of error, he claims he received ineffective assistance of counsel. In support, he argues his counsel's failure to object to the exhibit which is the subject of the second assignment serves as evidence of his counsel's deficient representation.
 {¶ 31} Appellant's second assignment of error pertains to a document admitted, without objection, into evidence during trial. Exhibit No. 12 was a search warrant secured by the state in the course of investigating these crimes. An affidavit in support of the search warrant was inadvertently attached to it when it was admitted into evidence. This error was discovered during jury deliberations. Counsel for appellant moved for a mistrial. It was denied. The trial judge redacted the affidavit and gave precise instructions to the jury to disregard it in its entirety.
 {¶ 32} The affidavit in support of the search warrant referenced appellant being previously charged with sex crimes. Nevertheless, there is no evidence in the record supporting the claim that the jury was tainted or prejudiced by the affidavit. The trial court furnished an immediate curative instruction. Consistent with having heeded the instruction, the jury found appellant not guilty of the repeat offender specification.
 {¶ 33} The Supreme Court of Ohio has held that an error is harmless if there is no reasonable possibility the alleged error contributed to the conviction. The Supreme Court of Ohio has found it appropriate to deem an error harmless where there is indicia the error did not contribute to the conviction. State v.Ferguson (1983), 5 Ohio St.3d 160, 166, fn. 5. Crim.R. 52(A) defines harmless error as "any error, defect, irregularity, or variance which does not affect substantial rights." The rule states any such error shall be disregarded.
 {¶ 34} As set forth in our analysis of appellant's first assignment of error, we find ample evidence in the record in support of appellant's guilt. The DNA test results, victim's testimony, testimony of the victim's daughter, and medical service providers, are all supportive of a finding of guilt. In contradiction to guilt, appellant initially denied sexual involvement with the victim, later claimed it was consensual, and claimed his cousin brought him $20 to the victim's house to "purchase" the jewelry taken from the victim's residence during the attack.
 {¶ 35} The record contains ample independent evidence in support of a finding of guilt. We find the jury's brief viewing of the affidavit attached to the search warrant, followed by an immediate curative instruction, to be harmless error. Appellant's second assignment of error is not well-taken.
 {¶ 36} Appellant claims his counsel's failure to object to the admission of the disputed exhibit constitutes proof of ineffective assistance of counsel. The Supreme Court of Ohio has set forth the controlling principles which must be applied in reviewing ineffective assistance of counsel claims. A reviewing court must presume a properly licensed attorney in Ohio is competent. State v. Hamblin (1988), 37 Ohio St.3d 153. The party alleging incompetence has a burden to furnish compelling evidence definitively establishing representation so deficient that it falls below an objective threshold of reasonableness. It must be simultaneously shown that the outcome of the case would have been different but for the deficient representation. Statev. Hill, 6th Dist. No. L-05-1080, 2006-Ohio-859, at ¶ 20.
 {¶ 37} Given our finding above that the error pertaining to exhibit No. 12 was harmless, we find counsel's failure to object to the admission of the exhibit does not serve as persuasive or compelling evidence of ineffective assistance of counsel. We find no other evidence in the record establishing actions by counsel falling below an objective threshold of reasonableness. Appellant's third assignment of error is not well-taken.
 {¶ 38} In his fourth assignment of error, appellant claims the trial court erred in allowing the state to conduct redirect examination of one of the investigating detectives regarding appellant's claim that the sexual encounter was consensual. It is well established that evidentiary rulings that lie within the discretion of a trial court are not reversed on appeal absent a showing of abuse of discretion. Kaman v. Wood Cty. Hosp., 6th Dist. No. WD-04-088, 2005-Ohio-6850, at ¶ 21. There is no abuse of discretion absent unreasonable, arbitrary or unconscionable acts by the trial court. Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342.
 {¶ 39} The record shows that it was counsel for appellant who initiated testimony that revealed appellant's revised version of events from a denial of involvement to an unsupported claim that the sex was consensual. Permitting the state to respond to this by conducting redirect examination of the investigating detective on the issue of consent cannot be construed as unreasonable, arbitrary or unconscionable.
 {¶ 40} It was well within the discretion of the trial court to allow redirect examination to explore the genesis of the consent defense. There was no abuse of discretion. Appellant's fourth assignment of error is not well-taken.
 {¶ 41} In his fifth assignment of error, appellant asserts this matter should be remanded for resentencing in light of the recently released Supreme Court decision of State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856. Foster was released during the pendency of this appeal.
 {¶ 42} The trial court, in reliance in now severed statutes, sentenced appellant to three consecutive nine-year terms of incarceration upon his convictions on two counts of rape and one count of aggravated burglary. Foster is applicable to all cases that were pending on direct appeal at the time of its release. Id. at ¶ 104. Appellant's fifth assignment of error is well-taken.
 {¶ 43} The judgment of conviction of the Erie County Court of Common Pleas is affirmed in part, reversed in part and remanded for resentencing in accordance with State v. Foster, supra, and the nonsevered portions of Ohio's sentencing statute. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of this record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.