DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted a motion for new trial on behalf of both appellees/cross-appellants, Heather Jacobs, et al. ("appellees") and appellant/cross-appellee, Brian McAllister ("appellant"). For the reasons set forth more fully below, we reverse the judgment of the *Page 2 
trial court. The judgment was arbitrary and unreasonable. The trial court abused its discretion.
 {¶ 2} On appeal, appellant, Brian McAllister, sets forth the following two assignments of error:
 {¶ 3} "1. The trial court committed reversible error in granting a new trial in favor of plaintiff Heather Jacobs since there was no irregularity in the trial proceedings and the jury instructions which were provided to the jury outside the presence of counsel were not objectionable.
 {¶ 4} "2. The trial court committed reversible error in granting a new trial in favor of plaintiff Heather Jacobs since the jury's answers to interrogatories, as reduced to judgment, were sustained by the manifest weight of the evidence."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On March 22, 2002, McAllister was driving a vehicle northbound on Middlesex Road in Toledo. Jacobs was his front seat passenger. There was one rear seat passenger, Melanie Keister. McAllister lost control of the vehicle and struck a tree, resulting in a single car accident.
 {¶ 6} Jacobs filed a complaint alleging that negligence by McAllister caused the accident. McAllister counterclaimed, alleging that Jacobs engaged in negligent interference with his control of the vehicle and that Jacobs negligently caused the accident. *Page 3 
 {¶ 7} On November 8, 2004, a three day jury trial on both the complaint and counterclaim commenced. The record is replete with controverted and equivocal testimony throughout the trial on the determinative issue of negligence.
 {¶ 8} Jacobs testified that she had no recollection of the events immediately preceding the collision. The testimony of Keister, the rear seat passenger, was equivocal. While Keister suggested that McAllister had increased speed just prior to the collision, she simultaneously testified that just prior to the collision she was looking down and thus was unable to observe what actions Jacobs may have taken just prior to the accident.
 {¶ 9} McAllister testified that just prior to the accident Jacobs placed her foot on the gas pedal and accelerated the vehicle, causing him to lose control of the vehicle. One of Keister's classmates testified that Keister admitted that Jacobs had wanted McAllister to drive faster and had put her foot on the gas pedal as McAllister was attempting to drive the vehicle. Finally, both Jacobs and McAllister presented expert witnesses. The expert witnesses presented antithetical opinions as to the cause of the accident.
 {¶ 10} In layman's terms, McAllister blamed Jacobs for the accident, Keister blamed McAllister for the accident, Jacobs did not recall what occurred to cause the accident, the expert witness for Jacobs blamed McAllister, and the expert witness for McAllister blamed Jacobs.
 {¶ 11} Following presentation of the claim and counterclaim, both sides rested. The case was presented to the jury. Shortly after the jury began deliberating, the trial court realized the first jury interrogatory was incomplete. *Page 4 
 {¶ 12} After consulting with and securing the consent of all parties, the trial judge entered the jury room, clearly and concisely explained the situation, and furnished the jury with complete interrogatory forms. The record shows the trial judge informed the jury that the interrogatory solely indicated that the jury needed to determine whether McAllister was negligent while failing to mention the competing claim of negligence against Jacobs. The trial court clarified to the jury that they needed to determine whether McAllister was negligent and whether Jacobs was negligent due to the competing claims.
 {¶ 13} While the trial judge took the precaution of making this clarification with the consent of all counsel, there is no evidence in the record that the jury was misled or confused by this clarification. On the contrary, the record shows that the jury had just sat through a three day trial during which both Jacobs and McAllister presented their cases alleging negligence against one another to this same jury. In fact, in the course of the trial judge's brief discussion with the jury, they inquired whether it was possible to determine that neither party had established negligence. The substantive nature of this question objectively demonstrates that the jury was not confused as to the nature of their deliberations.
 {¶ 14} The record shows that the jury was presented with contradictory expert testimony, equivocal lay testimony, and controverted lay testimony. Faced with paradoxical testimony, the jury ultimately determined that neither Jacobs nor McAllister had proven negligence against the other. *Page 5 
 {¶ 15} On December 14, 2004, the trial court dismissed Jacobs' complaint and McAllister's counterclaim given the jury verdict that neither had carried their burden of proof. Jacobs moved for a new trial pursuant to Civ.R. 59(A). A hearing on Jacobs' motion for new trial was conducted on January 6, 2005. On February 3, 2005, the trial court improperly granted the motion for new trial without specifying the basis of its decision.
 {¶ 16} Upon appeal, we remanded to the trial court directing them to articulate the substantive basis of granting the motion for new trial. The trial court must articulate the basis for which it is granting the new trial pursuant to the express requirements set forth in Civ.R. 59. It did not do so.
 {¶ 17} On May 16, 2006, the trial court reissued judgment granting a new trial to Jacobs on the basis that the jury interrogation clarification was given outside of the presence of counsel, the jury verdict finding neither party established negligence was against the manifest weight of the evidence, and that the evidence "did not permit the conclusion" reached by the jury verdict.
 {¶ 18} In his first assignment of error, McAllister argues the trial court erred in granting Jacobs' motion for a new trial on the purported basis that the jury instruction clarification was done outside the presence of counsel. In support, appellant argues that the clarification furnished to the jury outside of the presence of counsel was done so only after consulting with and receiving the consent of counsel for both parties to rectify the *Page 6 
situation in that manner. Not only was no objection made to the clarification, but it was done with the express consent of counsel.
 {¶ 19} Civ.R. 59(A)(1) establishes that a new trial may be granted if an irregularity in the trial proceedings can be shown to have prevented the moving party from having received a fair trial. It is well established that our review of such trial court decisions are done pursuant to an abuse of discretion standard. The decision to grant a motion for new trial pursuant to Civ.R. 59 rests well within the sound discretion of the trial court. Gerke v. Norwalk Clinic, Inc., 6th Dist. No. H-05-009, 2006-Ohio-5621, ¶ 58. Unless the weight of the evidence supported a contradictory finding, appellate courts must defer to the conclusion of the trial court because it is better equipped than the appellate court to view the witnesses, observe their demeanor, gestures, voice inflections, and use these observations in weighing the credibility of the conflicting testimony. Seasons Coal Co. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 20} Applying the above legal framework governing our review of Civ.R. 59 determinations, we must determine whether the trial court abused its discretion in determining that Jacobs was prevented from receiving a fair trial given the rationale stated by the trial court.
 {¶ 21} We first note that the jury heard three days of testimony presented by Jacobs against McAllister alleging negligence, and conversely, by McAllister against Jacobs, alleging negligence. The record contains no evidence that the jury was ever *Page 7 
confused about its responsibility for determining both whether McAllister negligently caused the accident or whether Jacobs negligently caused the accident.
 {¶ 22} The "irregularity" cited by the trial court in justification of granting Jacobs a new trial requires evidence that the jury interrogatory clarification precluded Jacobs from receiving a fair trial. We reiterate that the clarification was given with prior consultation of and the consent of all counsel. We further note the sum and substance of the clarification was advising the jury of that which they were already aware; Jacobs and McAllister were claiming negligence against one another.
 {¶ 23} It is interesting to note that the interrogatory which required clarification had only indicated that the jury had to determine whether McAllister was negligent. The trial court reminded the jury that they also had to determine whether Jacobs was negligent. In our estimation, this error could have only accrued to the benefit, not the detriment, of the moving party. Either way, there is nothing in the record to establish the trial court's actions in addressing this situation in any way prevented either party from having a fair trial. The record shows the jury was presented with antithetical evidence and determined that neither side had carried its burden of proof in establishing negligence against the other party.
 {¶ 24} There is no evidence whatsoever that the jury clarification prejudiced the moving party and precluded a fair trial. The trial court's judgment granting a new trial to Jacobs based upon this scenario is arbitrary and unreasonable. Appellant's first assignment of error is well-taken. *Page 8 
 {¶ 25} In appellant's second assignment of error, he argues the trial court erred in granting Jacobs' motion for new trial on the basis that the jury verdict was against the manifest weight of the evidence.
 {¶ 26} Jacobs claimed that McAllister negligently caused the one car accident. McAllister counterclaimed that Jacobs negligently caused the one car accident. The opposing claims were both grounded in negligence. "To establish actionable negligence, it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom." Feldman v. Howard (1957), 10 Ohio St.2d 189, 193, quotingKauffman v. First-Central Trust Co. (1949), 151 Ohio St. 298, 306.
 {¶ 27} This court has consistently affirmed that the appellate function in reviewing a trial court's decision on a Civ.R. 59 motion for new trial is restricted to a determination of whether the decision was against the manifest weight of the evidence so as to result in manifest injustice. Leslie v. Foster, 6th Dist. No. L-04-1309, 2005-Ohio-3865, ¶ 10.
 {¶ 28} We must determine whether the trial court abused its discretion in finding inconsistency between the evidence and the jury verdict, thereby rejecting the jury verdict.
 {¶ 29} Both Jacobs and McAllister presented expert opinions contradictory to one another on the determinative issue of which party negligently caused the accident. Jacobs had no recollection of the relevant events and could not testify as to any observations *Page 9 
relevant to breach of duty. McAllister testified that Jacobs was negligent in placing her foot on the accelerator while McAllister was attempting to drive, causing him to lose control of the vehicle. Keister testified that McAllister accelerated his speed just prior to the accident, suggesting potential breach of duty by McAllister. Pietrowski testified that Keister indicated Jacobs had placed her foot on the accelerator as McAllister was attempting to drive down Middlesex Road. Keister denied making any such statement to Pietrowski.
 {¶ 30} The bottom line is that neither party presented compelling, persuasive evidence of negligence against the other party. Given this, the jury determined that neither party met its burden of proof sufficient to establish negligence. We find the evidence consistent with the jury determination.
 {¶ 31} The trial court's conclusion that the verdict was against the manifest weight of the evidence in support of its granting a new trial to Jacobs is arbitrary and unreasonable. Appellant's second assignment of error is well taken.
 {¶ 32} In her cross-assignment of error, Jacobs asserts that if we determine that the trial erred in granting her a new trial, we must likewise determine that the trial court erred in granting McAllister a new trial.
 {¶ 33} We find nothing in the record to support the notion that either party was denied a fair trial. We find the cross-assignment of error well taken. *Page 10 
 {¶ 34} We reverse the judgment of the trial court and order the December 14, 2004 judgment dismissing both the complaint and counterclaim based upon the jury verdict reinstated.
 {¶ 35} Appellees and appellant are ordered to pay their own costs of this appeal pursuant to App.R. 24. Judgment for the clerks' expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1