DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment by the Lucas County Court of Common Pleas granting appellee's Civ.R. 59 motion for a new trial. Negligence was admitted by appellant. However, appellant denied proximate cause and liability. The jury concluded that appellee's injuries were not proximately caused by the accident and awarded zero damages. Appellant filed a motion for new trial. It was granted. For the reasons set forth below, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} On appeal, appellant, Rhonda Naus, sets forth the following single assignment of error:
 {¶ 3} "The trial court erred when it granted plaintiff-appellee's motion for a new trial."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On August 28, 2001, appellee was traveling in her motor vehicle westbound on Alexis Road next to a school bus traveling in the same direction in the vicinity of Whitmer High School. Appellant pulled her vehicle out from Herst Street onto Alexis Road. Appellant failed to observe appellee's vehicle when entering Alexis Road and collided with it. Appellee did not seek medical treatment on the day of the accident. The accident occurred a short distance from appellee's home.
 {¶ 5} Appellee's son was in the vehicle with her at the time of the accident. Shortly following the accident, one of appellee's neighbors drove past the accident and graciously offered to take her son home while appellee remained at the scene. As a courtesy, appellee was later driven home by a Toledo police officer.
 {¶ 6} On November 20, 2001, approximately three months following the collision, appellee first sought medical treatment at the office of her physician, Dr. Grossman. Appellee reported to Dr. Grossman's office complaining of shoulder pain and finger numbness. The original medical records documenting appellee's November 20, 2001 office visit indicated that appellee reported that she had been in a motor vehicle accident several months prior to the office visit. Additionally, it was recorded that *Page 3 
appellee further reported that she had been doing additional work around her home in preparation for the holidays.
 {¶ 7} Although it became the subject of dispute between appellee and her medical provider, appellee's original medical records also recorded that appellee reported that she had been assisting her husband in performing a home improvement type of project the weekend prior to her first post-accident office visit. Again, this initial office visit occurred approximately three months after the accident just prior to the Thanksgiving holiday.
 {¶ 8} On January 4, 2002, appellee returned to Dr. Grossman's office for a follow-up visit. Appellee reported ongoing right forearm pain. Appellee was referred to the Toledo Hospital for an electromyogram nerve conduction test of her right arm. On January 15, 2002, the EMG test was performed. The test results were normal. No evidence of neuropathy or radiculopathy were revealed. On February 12, 2002, appellee had another office visit at Dr. Grossman's office. Appellee continued to report ongoing right forearm pain.
 {¶ 9} On April 4, 2003, appellee had an appointment with Dr. Grossman's office for purposes of modifying her prior treatment records at her request. At her request, Dr. Grossman's office documented that appellee indicates that her airbag deployed during her motor vehicle accident. This was not previously reported to Dr. Grossman's office and was not mentioned in prior documentation. On April 8, 2003, four days after modifying her medical records, appellee filed a negligence complaint against appellant. *Page 4 
 {¶ 10} On February 20, 2004, still dissatisfied with the substantive content of her medical records, appellee returned to Dr. Grossman's office again and effectuated a multitude of additional modifications to her medical records. On February 20, 2004, appellee handwrote her desired substantive modifications onto the report previously produced by the nurse practitioner who had examined and treated appellee.
 {¶ 11} Appellee inserted into her medical records in the third person, "Janet continues to be evaluated by Dr. Grossman and is continuing her physical therapy at home to rebuild strength in her right arm." Although drafted by appellee to suggest having been written by her actual medical service provider, appellee herself drafted this modification to her medical records.
 {¶ 12} In addition, on February 20, 2004, appellee manually deleted the portion of her medical records that reflected that her EMG results had been normal and that she had been assisting her husband with decorations the weekend before her first medical appointment. Despite the various deletions and insertions performed by appellee herself to her medical records, appellee remained dissatisfied with the content of her medical records as originally prepared by her treating medical service provider.
 {¶ 13} Appellee performed another modification to the medical records on February 24, 2004. Appellee's treating nurse practitioner prepared at appellee's request a new document stating in relevant part: "Janet Gorney was not hanging paneling as previously stated, but rather was engaged in normal activities around her home." *Page 5 
 {¶ 14} Appellee declined to call to testify at trial the nurse practitioner who initially treated appellee. This was the medical service provider who had prepared the medical records which appellee perceived to grossly misrepresent appellee's medical history and condition, necessitating a series of revisions, modifications, and deletions of content of those records at appellee's request. Yet, this witness did not testify to clarify the dispute about appellee's medical records.
 {¶ 15} Appellee dismissed her case without prejudice on December 16, 2005. Appellee refiled her complaint the same day. A one day jury trial was conducted on April 26, 2006. Appellee offered the testimony of herself, her husband, and Dr. Grossman. Dr. Grossman testified that although appellee had been primarily examined and treated by his nurse practitioner, who was not called to testify, Dr. Grossman's "impression is she — at the end of the day, and I looked at and I got to examine her a couple times, I felt she did sustain soft tissue which is muscles, tendons and all in the forearm from the accident."
 {¶ 16} Accordingly, appellee did present medical testimony, albeit minimal and not collaborated, that she sustained soft tissue injury from the motor vehicle accident which occurred three months prior to her first office visit.
 {¶ 17} The primary issue at play in the trial was proximate cause. Appellant had conceded negligence, but disputed proximate cause and liability for the claimed injuries. The jury ruled that appellant was negligent, but awarded zero damages. The jury verdict for appellee awarding her zero damages was unanimous. *Page 6 
 {¶ 18} On May 5, 2006, appellee filed a motion for judgment notwithstanding the verdict and for a new trial. On May 30, 2006, appellant filed her brief in opposition. On June 26, 2006, the trial court granted appellee's motion for a new trial. The trial court determined that a new trial was warranted on the basis that "it was uncontroverted that she sustained some damages as a result of the motor vehicle collision herein." On July 12, 2006, appellant filed timely notice of appeal.
 {¶ 19} In her single assignment of error, appellant asserts that the trial court erred in granting appellee's motion for a new trial. In support, appellant argues that proximate cause was not established demonstrating that appellee was injured in the accident. Appellant contends that the trial court judgment granting appellee's motion for a new trial should be construed as an abuse of discretion.
 {¶ 20} It is well established that a trial court decision on a motion for a new trial rests soundly within its discretion and will not be disturbed on appeal absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Given that trial court Civ.R. 59 determinations are rooted in the trial court's weighing of the evidence, appellate review of such decisions must be conducted with deference to the trial court's decision rather than to the original jury verdict. The justification for that deference lies in the principle that the discretion of the trial judge in *Page 7 
granting a new trial can be supported by the trial judge having concluded from the surrounding circumstances that the jury verdict resulted in manifest injustice. Johnson v. Bondra, 6th Dist. No. S-03-040, 2004-Ohio-6308, ¶ 55.
 {¶ 22} It is well established that a trial court judgment supported by credible evidence will not be reversed on appeal as being against the manifest weight of the evidence. Shemo v. Mayfield Hts. (2000),88 Ohio St.3d 7, 10. The trial court is in the best position to review and evaluate the witnesses and all evidence to assess credibility. Id. This court has consistently reaffirmed the principle that when evidence is reasonably susceptible to more than one interpretation, we must defer to the evaluation and judgment of the trial court. An appellate court may not substitute its judgment for that of the trial court so long as the disputed judgment is supported by credible evidence. Leslie v.Foster, 6th Dist. No. L-04-1309, 2005-Ohio-3865, ¶ 9.
 {¶ 23} We have carefully considered the record in this matter for any indicia sufficiently compelling to establish that the trial court's action in granting appellee's motion for a new trial should be construed as arbitrary or unconscionable in the context of the evidence presented to the jury.
 {¶ 24} While we are troubled by appellee's repeated redrafting of her medical records coinciding with the filing of her case, in conjunction with her failure to call to testify the nurse practitioner who treated appellee and prepared the disputed medical records, we nevertheless note that basic medical testimony was furnished at trial by Dr. Grossman that appellee sustained forearm soft tissue injury in the accident. *Page 8 
 {¶ 25} As such, we cannot find that the trial court's judgment in granting appellee's motion for a new trial on the basis that it was uncontroverted that appellee sustained damages, however minimal they may be, as a result of the collision to be an abuse of discretion. Appellant's sole assignment of error is not well-taken.
 {¶ 26} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Thomas J. Osowik, J. CONCUR, William J. Skow, J. CONCURS AND WRITES SEPARATELY. *Page 9